**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  | ) |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) |  |
|  | ) |  |
| v. | ) | **Criminal Action No. 12-55 (RWR)** |
|  | ) |  |
| **LATARSHA SMALL,** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

_____)

## MEMORANDUM OPINION AND ORDER

Defendant LaTarsha Small was sentenced to 42 months in prison after she pled guilty to two counts of theft concerning programs that receive federal funds, and was ordered to pay restitution. Small now moves to change the balance of her incarceration to in-home confinement, and to amend the court's restitution order.[1] Small is entitled to have the portion of her restitution order mandating payment through the Bureau of Prisons amended. However, because Small has not demonstrated that she is entitled to have her prison term changed or her restitution schedule recalculated, Small's motions will otherwise be denied.

---

[1] She has also moved for leave to proceed in forma pauperis because she cannot afford to pay a docketing fee. An inmate filing to modify her sentence is not assessed a docketing fee. The in forma pauperis motion will be denied as moot.

BACKGROUND

For several years, Small was the grants and accounting manager for My Sister's Place, a non-profit corporation that aids female victims of domestic violence and their children. Thereafter, Small was the accountant and payroll specialist for the International Crisis Group, an international non-profit organization that is involved with preventing and resolving conflicts around the world. During her time at both My Sister's Place and the International Crisis Group, Small embezzled funds from the companies for her personal use.

Small pled guilty to two counts of theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A). On November 9, 2012, Small was sentenced to 42 months on Count One and a concurrent sentence of 42 months on Count Two. Small's final judgment assessed against her $164,146.23 in restitution payable immediately, and directed: "You shall make payments on the special assessment and restitution through your participation in the Bureau of Prisons' Inmate Financial Responsibility Program [("IFRP")]." Judgment at 4. The judgment ordered Small to pay the balance of any restitution owed at a rate of no less than $100 per month. Id. at 5. Small did not appeal the sentence.

Small now moves to change her remaining term of incarceration to home confinement, contending that there are

"mitigating circumstances of a kind and to a degree" that justify changing her sentence.  Mot. to Change Method by Which Balance of Sentence is to be Served ("Mot. to Amend Sentence") at 2.  The government opposes, arguing that as Small's motion should be construed as a motion to reduce her sentence, none of the bases for reducing a sentence under 18 U.S.C. § 3582(c) is applicable.  Govt.'s Consolidated Oppn. to Def.'s Pro Se Mots. to Change Method by Which Balance of Sentence is Served and for Amended Restitution Order ("Govt.'s Oppn.") at 1.

Small also moves to amend her restitution order, alleging that the court impermissibly delegated to the Bureau of Prisons the responsibility of determining a payment schedule.  Motion for Amended Restitution Order ("Mot. to Amend Rest.").  Small requests that the court order that she pay $25 per quarter for restitution.  Id. at 3.  The government argues that the restitution order was proper and that the court cannot intervene in the payment schedule set by the IFRP.  Govt.'s Supplemental Mem. in Oppn. to Def.'s Mot. for Amended Restitution Order at 7.

DISCUSSION

I.  MOTION TO CHANGE SENTENCE TO HOME CONFINEMENT

Small asks that the court "chang[e] the method by which the balance of her sentence is served by allowing her to serve the remaining sentence on home confinement."  Mot. to Amend Sentence at 1.  Small, however, cites no authority to support her

request.  The government contends that her motion must be considered as "one seeking to reduce her sentence," and is therefore governed by 18 U.S.C. § 3582(c).  Govt.'s Oppn. at 4. Small does not contest this argument.

"Under 18 U.S.C. § 3582(c) a court may modify a sentence only in three circumstances: (1) on motion of the Bureau of Prisons, (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,' and (3) to reflect a post-sentence reduction in the applicable sentencing guidelines."  United States v. Morris, 116 F.3d 501, 504 (D.C. Cir. 1997) (quoting 18 U.S.C. § 3582(c)). In turn, Rule 35 of the Federal Rules of Criminal Procedure permits modification to correct an "arithmetical, technical, or other clear error" within 14 days, or, upon motion from the government, for "substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35.  There are no other grounds for modification of a sentence.  See Morris, 116 F.3d at 504; see also United States v. Apple, No. 3:10-CR-322-L, 2012 WL 4835059, at *2 (N.D. Tex. Oct. 11, 2012) (finding that the Federal Rules of Criminal Procedure "do not allow for" modification of a sentence "based upon *substantive* grounds . . . [such as the defendant's] health conditions, which were already in existence and known to the court at the time he was sentenced").

None of the conditions in § 3582(c) applies here.  The

Bureau of Prisons has not made a motion to modify Small's

sentence, nor has the government moved under Rule 35 to reduce

Small's sentence for substantial assistance.  Small's motion

comes more than 14 days after the sentence, and does not allege

an arithmetical, technical, or other clear error.  Small also

does not allege that there has been a change in the applicable

sentencing guidelines that would justify reducing her sentence,

nor does she point to any other statutory basis for

modification.  Accordingly, there is no legal basis for

modifying Small's sentence, and her motion will be denied.[2]

II.  MOTION TO AMEND RESTITUTION ORDER

According to Small, 18 U.S.C. § 3664(f)(2) requires that a

court set a payment schedule for the defendant to discharge her

restitution obligation, including a payment schedule for the

defendant's incarceration period.  Mot. to Amend Rest. at 1.

Small alleges that "[a]s a result" of "the Court['s] fail[ure]

---

[2] In addition to her request to change her sentence to one
of home confinement, Small briefly discusses her "opinion that
the Bureau of Prisons is failing to provide me with adequate
care."  Mot. to Amend Sentence at 2.  To the extent Small is
challenging the conditions of her confinement, the Prison
Litigation Reform Act requires that she first exhaust her
administrative remedies.  42 U.S.C. § 1997e(a).  Small has not
alleged that she has exhausted any administrative remedies.
Small also "contends that she was not sentenced to a medical
facility[,]" Mot. to Amend Sentence at 2, but makes no request
with respect to this statement.  Accordingly, no request for
relief will be inferred.

to set a payment schedule," she "has been required to pay under the Inmate Financial Responsibility Program, instead of paying restitution after release from prison."  Id. at 1.

Inasmuch as Small is challenging the requirement in her judgment that she participate in the IFRP, her motion to amend her restitution order will be granted to reflect the fact that participation in the IFRP is voluntary.  See United States v. Godoy, 706 F.3d 493, 499 (D.C. Cir. 2013); see also 28 C.F.R. § 545.10.  While her non-participation may result in losing privileges, see 28 C.F.R. § 545.11(d), the court cannot order her to participate in the IFRP.

However, the court here did determine a payment schedule as a condition of Small's supervision after incarceration.  See Judgment at 5 (requiring the Small to "pay the balance of any restitution owed at a rate of no less that $100 each month" as an additional standard condition of supervision).  Further, Small's argument seems to focus on the "undue financial stress" that the current payment schedule imposes on her family, and her requested relief is for the court to reduce her payment obligation to $25 per quarter.  Mot. to Amend Rest. at 1-2.  As such, Small appears to be requesting that the court determine the restitution payment amounts that Small is required to pay during her incarceration under the IFRP, rather than challenging the court's failure to determine a schedule of payment.

In any event, while some circuits have held that a court must determine the schedule of payment during incarceration, see, e.g., Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), the D.C. Circuit has not.  The D.C. Circuit has held that it is *not* plain error for a district court to have failed to determine the payment schedule for a defendant who participates in the IFRP. United States v. Baldwin, 563 F.3d 490, 492 (D.C. Cir. 2009) (citing United States v. Sawyer, 521 F.3d 792, 794-86 (7th Cir. 2008)).  In fact, a district court may be barred from imposing such a payment plan for defendants that participate in the IFRP. See id. at 492 (explaining that the Seventh Circuit's holding in Sawyer indicates that a district court cannot impose terms of restitution payments made through the IFRP).

The IFRP "operates 'under the exclusive control and authority of the Executive Branch.'" United States v. Ayers-Zander, Criminal Action No. 11-280 (RWR), 2013 WL 2468300, at *1 (D.D.C. June 7, 2013) (quoting Baldwin, 563 F.3d at 492).  Small has not shown that she has exhausted BOP administrative remedies to challenge her IFRP restitution payment amount before seeking judicial relief.  See United States v. Rush, 853 F. Supp. 2d 159, 162 (D.D.C. 2012) (citing 28 C.F.R. § 542.10(a)).  Further, even if she had exhausted all administrative remedies, "the proper method for challenging how BOP is administering the IFRP in her case may not be a motion to the sentencing court, but

rather a petition under 28 U.S.C. § 2241 in the district where [the defendant] is serving her sentence."  Ayers-Zander, 2013 WL 2468300, at *1 (citing United States v. Diggs, 578 F.3d 318, 319, 319 n.1 (5th Cir. 2009); Rush, 853 F. Supp. 2d at 162; United States v. Locke, Criminal Action No. 09-259 (JDB), 2012 WL 1154084, at *3 n.5 (D.D.C. Apr. 9, 2012)); see also Diggs, 578 F.3d at 319, 319 n.1 ("All other circuits to look at this issue agree that prisoners challenging their IFRP payment plans must do so under § 2241.").

Lastly, Small has not alleged a "material change" in her economic circumstances that justifies modifying a restitution order under 18 U.S.C. § 3664(k).  Accordingly, Small has not shown that she is entitled to the court reducing her restitution payment obligation under the IFRP, and her motion to amend the restitution order in that way will be denied.

CONCLUSION

Small is entitled to have her restitution order modified by deleting the sentence requiring her to make restitution payments through the IFRP.  However, Small has failed to demonstrate that she is entitled to have her prison term changed or her restitution payments recalculated.  Accordingly, it is hereby

ORDERED that Small's motion [22] to change the method by which the balance of her sentence is served be, and hereby is, DENIED.  It is further

ORDERED that Small's motion [22] for leave to proceed in forma pauperis be, and hereby is, DENIED as moot. It is further

ORDERED that Small's motion [23] to amend her restitution order be, and hereby is, GRANTED IN PART and DENIED IN PART. The sentence in the judgment requiring Small to make restitution payments through her participation in the Bureau of Prisons' Inmate Financial Responsibility Program is hereby stricken. The motion is otherwise denied. It is further

ORDERED that the government's motion [28] for leave to late file a consolidated response to Small's motions be, and hereby is, GRANTED nunc pro tunc.

SIGNED this 13th day of January, 2014.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge